```
              IN THE UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF ARKANSAS
                       FORT SMITH DIVISION

PAULA RUSH, DIANE PERRY, and
BRIAN TODD, on behalf of themselves
and all others similarly situated                    PLAINTIFFS

        vs.                   CASE No. 07-2022

WHIRLPOOL CORPORATION                                 DEFENDANT
```

## **O R D E R**

Now on this 22nd day of February, 2008, comes on to be considered the defendant's **Motions to Dismiss (Docs. 20, 31)**, plaintiffs' **Response (Doc. 35)**, and defendant's **Reply (Doc. 36)**. The Court, being well and sufficiently advised, finds and orders as follows with respect thereto:

1. Plaintiffs bring this action against Whirlpool Corporation, alleging that they purchased defectively designed and manufactured refrigerators from Whirlpool. Specifically, plaintiffs allege that the ice-makers in the refrigerators do not work and that the temperature controls fluctuate, causing the refrigerators to leak and causing temperature-sensitive foods to go bad.

2. The three individual plaintiffs (Paula Rush, a resident of Maryland; Diane Perry, a resident of California; and Brian Todd, a resident of Arkansas) seek to bring the action on behalf of themselves, as well as on behalf of classes of purchasers of the subject refrigerators from Arkansas, California and Maryland.

Whirlpool moves to dismiss plaintiffs' complaint. The Court will discuss the arguments for dismissal of each count of the complaint in turn.

3. <u>Standard of Review</u> – A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure should be granted only if it appears beyond doubt that the plaintiffs can prove no set of facts entitling them to relief. <u>See</u> <u>Katun Corp. V. Clarke</u>, 484 F.3d 972, 975 (8th Cir. 2007). This Court assumes as true all factual allegations of the complaint and draws all reasonable inferences in favor of the plaintiffs. <u>Id.</u>

4. <u>Count One - Breach of Implied Warranty of Merchantability under Arkansas Law</u>

Whirlpool argues that Plaintiff Todd has failed to allege that he notified Whirlpool of any breach of the implied warranty of merchantability, as required to assert an implied warranty claim under Arkansas law. Todd concedes that he did not provide notice directly to Whirlpool but to the retailer, Lowe's Home Improvement Store. Todd, therefore, does not contest the motion to dismiss this claim, without prejudice to the right to re-plead it should discovery reveal that notice was passed from Lowe's to Whirlpool. Upon due consideration, Whirlpool's motion to dismiss will be granted with regard to Count One, and Plaintiff Todd's claim for breach of the implied warranty of merchantability will be dismissed without prejudice.

5. <u>Count Two - Breach of the Implied Warranty of Merchantability under Maryland Law</u>

a. Whirlpool argues that Plaintiff Rush did not provide Whirlpool with notice of the alleged breach, as required to assert an implied warranty claim under Maryland law.

The Maryland version of the Uniform Commercial Code requires that a buyer notify the seller of any breach within a reasonable time after the buyer discovered or should have discovered the breach. <u>See</u> Md. Code Ann., Commercial Law, § 2-607(3)(a). The Maryland statute does not prescribe any particular form of notice of the breach of warranty and a telephone call has been held to be sufficient. <u>See</u> <u>Smith v. Butler</u>, 311 A.2d 813, 816 (Md. Ct. Spec. App. 1973). There is likewise no requirement as to the content of the notice. <u>Id.</u> The buyer must merely apprise the seller that the goods are defective. <u>Id.</u> Further, it is generally for the jury to determine, from the evidence presented, whether or not notice was given. <u>Id.</u> at 817.

Plaintiff Rush alleges that she purchased the refrigerator in October 2004 and after approximately one year, the ice-maker completely ceased functioning and the refrigerator had severe fluctuations in temperature, causing certain foods to go bad. Rush alleges that she called Whirlpool on several occasions to request that the problems be repaired, but Whirlpool refused to make the repairs because the refrigerator was out of warranty. Rush also

3

asked Whirlpool whether the company was recalling this model refrigerator, but was informed that Whirlpool was not conducting such a recall.  In December 2006, Rush had a Whirlpool authorized repair person come to her home and was informed by him "that there was not much that could be done to fix the [r]efrigerator other than a 'whole new motor or other major part.'"  (Doc. 28 ¶ 9.)

Viewing these allegations and the inferences to be drawn therefrom in Plaintiff Rush's favor, the Court finds that she has sufficiently alleged that she notified Whirlpool of the alleged breach of warranty.

b.   Whirlpool also argues that Rush's breach of implied warranty claim fails because Rush does not allege that the refrigerator is not fit for its ordinary purpose -- keeping food cold.  The Court sees no merit to this argument.  Rush clearly alleges, as detailed above, that the refrigerator has not performed its intended functions of preserving food and making ice.

Based on the foregoing, Whirlpool's motion to dismiss will be denied with regard to Count Two, Rush's implied warranty of merchantability claim.

6.   <u>Count Three - Negligence Claims under Arkansas, California, and Maryland Law</u>

<u>    </u>a.   Whirlpool argues that plaintiffs' negligence claims fail, as they have not pled the elements of damage and proximate cause.  Specifically, Whirlpool argues that plaintiffs do not allege that

4

the damage they have suffered – food loss – was proximately caused by the "'defect' manifest in their ice-makers." (Doc. 32 at pg. 12.)

Plaintiffs allege that the defect resulted in temperature fluctuations, which caused the food loss. The Court, therefore, finds that plaintiffs have sufficiently alleged that the defect proximately caused them damages.

b.  Whirlpool also argues that plaintiff's negligence claims are barred by the economic-loss doctrine. The economic loss doctrine bars recovery in tort for economic damages caused by a defective product unless those losses are accompanied by some form of personal injury or damage to property other than the defective product itself. See KB Home v. Superior Court of Los Angeles County, 5 Cal. Rptr. 3rd 587, 590 (Cal. Ct. App. 2003); Pulte Home Corp. V. Parex, Inc., 923 A.2d 971, 1000-01 (Md. Ct. Spec. App. 2007), aff'd, 2008 W.L. 382937 (Md. Feb. 14, 2008). While California and Maryland adhere to this doctrine, see id., Arkansas does not, see Farm Bureau Ins. Co. V. Case Corp., 878 S.W.2d 741, 743-44 (Ark. 1994). Accordingly, the negligence claim of Plaintiff Todd, an Arkansas resident, is not barred by the economic-loss doctrine.

With regard to the negligence claims of Plaintiffs Rush and Perry, residents of Maryland and California respectively, they have both alleged that they have suffered damage to property other than

5

the refrigerator itself. Specifically, they have both alleged that they have suffered food loss. The economic loss rule does not prevent the plaintiffs from seeking to recover for this loss under a negligence theory. Cf. Elite Prof'ls, Inc. V. Carrier Corp., 827 P.2d 1195, 1202 (Kan. Ct. App. 1992) (loss of meat by spoilage due to alleged defect in truck refrigeration unit was harm to property other than the refrigeration unit itself and, therefore, was not barred by economic loss doctrine).

Accordingly, Whirlpool's motion to dismiss Count Three, plaintiffs' negligence claims, will be denied.

7.  Counts Four and Five - Claims for Violation of Arkansas' Deceptive Trade Practices Act and the Maryland Consumer Protection Act

a.  The Arkansas Deceptive Trade Practices Act (hereinafter "the ADTPA") prohibits "[e]ngaging in any . . . unconscionable, false, or deceptive act or practice in business, commerce, or trade." Ark. Code Ann. § 4-88-107(a)(10). In connection with the sale of goods, the ADTPA specifically prohibits the "concealment suppression, or omission of any material fact with intent that others rely upon the concealment, suppression or omission." Ark. Code Ann. § 4-88-108(2).

b.  The Maryland Consumer Protection Act (hereinafter "the MCPA") prohibits unfair and deceptive trade practices in the sale of goods. Md. Code Ann., Commercial Law § 13-303(1). Deceptive

6

trade practices include the "[f]ailure to state a material fact if the failure deceives or tends to deceive," and also include the "knowing concealment, suppression, or omission of any material fact with the intent that a consumer rely on the same." Id. § 13-301(3), (9).

    c.    Whirlpool argues that Plaintiff Todd's claims under the ADTPA and Plaintiff Rush's claims under the MCPA fail because neither plaintiff identifies any specific deceptive statement or omission by Whirlpool that they relied on and were deceived by in connection with their purchases of the refrigerators.

    d.    Plaintiffs respond that they have clearly alleged that:

(1) Whirlpool knew of the defect in its [r]efrigerators;

(2) that the defect was a material fact;

(3) that Whirlpool failed to disclose this material fact to consumers;

(4) that Whirlpool's failure to disclose the material fact of the defect would tend to deceive consumers and cause them to purchase the [r]efrigerators;

(5) that Whirlpool failed to disclose the defect with the intent that consumers would rely upon that omission to purchase [r]efrigerators; and

(6) that [p]laintiff[s] ... have suffered injury as a result in that they have purchased [r]efrigerators that they would not have otherwise purchased.

(Doc. 35 at pgs. 26-27.)

e. The Court agrees with plaintiffs that the above allegations are sufficient to state claims under the ADTPA and the MCPA. See Lloyd v. General Motors Corp., 916 A.2d 257, 282-84 (Md. Ct. App. 2002) (automobile owners pled MCPA claims with sufficient particularity where they alleged that manufacturers had long known of risk of injury associated with defective seatbacks and knowingly concealed existence of defect). Whirlpool's motion to dismiss Counts Four and Five, Plaintiff Todd's claim under the ADTPA and Plaintiff Rush's claim under the MCPA, will, therefore, be denied.

8. Count Six - Claim for Violation of California's Consumers Legal Remedies Act

a. The California Consumers Legal Remedies Act (hereinafter "the CLRA") prohibits:

* Representing that goods ... have characteristics ... uses, [or] benefits ... which they do not have; and
* Representing that goods ... are of a particular standard, quality, or grade ... if they are of another.

Cal. Civ. Code § 1770(a)(5) & (7).

b. Plaintiff Perry alleges that by "failing to disclose and concealing the defect in the [r]efrigerators," Whirlpool violated the CLRA, "as it represented that its [r]efrigerators had characteristics and benefits that they do not have, and represented

that its [r]efrigerators were of a particular standard, quality or grade when they were of another." (Doc. 28 ¶ 72.)

    c.    Whirlpool argues that, to be actionable under the CLRA, a fraudulent omission "must be contrary to a representation actually made by the defendant." (Docs. 32 at pg. 22.) Whirlpool argues that Plaintiff Perry cannot state a claim under the CLRA based on Whirlpool's alleged failure to disclose the defect because Perry has failed to identify any representation by Whirlpool as to the "longevity or reliability of the [r]efrigerator as a whole, much less ... the functionality of its ice-maker." (Id.)

    d.    Contrary to Whirlpool's assertions, if Whirlpool had a duty to disclose the alleged defect, then plaintiff need not prove that the omission was contrary to any representation actually made by Whirlpool. See Falk v. General Motors Corp., 496 F. Supp.2d 1088, 1094-95 (N.D. Cal. 2007). A defendant has a duty to disclose a defect if it (1) had exclusive knowledge of material facts not known to the plaintiff; or (2) actively concealed a material fact from the plaintiff. Id. at 1095.

    e.    Plaintiff Perry alleges that the defect is a material fact, as he would not have purchased the refrigerator if he had known of it. Perry further alleges that Whirlpool had exclusive knowledge of the defect, as "[o]nly Whirlpool had access to its internal data, including pre-release testing data; ... access to data from its authorized retailers; and ... access to the numerous

9

complaints from its customers." (Doc. 35 at pg. 26.) Perry also alleges that Whirlpool actively concealed the defect, as various Whirlpool customers complained to Whirlpool about the defect, yet Whirlpool never attempted to notify other customers or effect a recall.

Taking Plaintiff Perry's allegations as true and drawing all inferences therefrom in her favor, the Court finds that she has stated a claim under the CLRA. Cf. id. (buyers of vehicles with allegedly defective speedometers stated a claim under the CLRA where they alleged that a reasonable consumer would have expected a speedometer to last for the life of a vehicle, that the manufacturer alone had access to data and complaints concerning the alleged defect, and that, despite complaints from buyers, manufacturer never attempted to notify other customers or effect a recall). Accordingly, Whirlpool's motion to dismiss Count Six, Plaintiff Perry's claim under the CLRA, will be denied.

    9.    <u>Count Seven - Claim for Violation of California's Unfair Competition Law</u>

    a.    California's Unfair Competition (hereinafter "the UCL") prohibits acts or practices which are fraudulent, unlawful, or unfair. Cal. Civ. Code § 17200.

    b.    **Fraudulent Conduct.** To state a fraud claim under the UCL, a plaintiff must show that "'members of the public are likely to be deceived.'" Id. (quoting <u>Bardin v. Daimlerchrysler Corp.</u>,

136 Cal. App. 4th 1255, 1261 (2006)).  Whirlpool argues that Plaintiff Perry has failed to allege that it engaged in any conduct likely to deceive the public, as Perry does not allege that Whirlpool made any representation regarding the longevity or reliability of the refrigerator's ice-maker.

Plaintiff Perry asserts that the failure to disclose the defect was likely to deceive the public, as the "reasonable and objective consumer expectation for [r]efrigerators" is that they will "function properly for a period of years," but the defect caused Plaintiff Perry's refrigerator to begin leaking immediately after purchase.  (Doc. 35 at pg. 29.)  The Court finds Perry's allegations sufficient to state a fraud claim under the UCL.  Cf. Falk, 496 F. Supp.2d at 1098 (vehicle purchasers stated claim for fraud under the UCL, as members of public were likely to be deceived by manufacturer's failure to disclose alleged speedometer defect:  reasonable customer would have expected a speedometer to have lasted for the lifetime of the vehicle and would have reconsidered the purchase if he had known of the alleged defect).

   c. **Unlawful or Unfair Conduct**.  As discussed above, Plaintiff Perry has stated a claim for violation of the CLRA.  A violation of the CLRA constitutes an unfair and unlawful practice under the UCL.  Thus, Plaintiff Perry has stated an unlawful practices claim and unfair practices claim under the UCL.

Whirlpool's motion to dismiss Count Seven, Plaintiff Perry's claim under the UCL, will, therefore, be denied.

10.  Conclusion - Based on the foregoing, the Court hereby orders as follows:

*   Whirlpool's **Motions to Dismiss (Docs. 20, 31)** are **GRANTED** with regard to **Count One** of the complaint and Plaintiff Todd's claim for breach of the implied warranty of merchantability is **DISMISSED WITHOUT PREJUDICE.**

*   The Motions to Dismiss are **DENIED** in all other respects.

*   Whirlpool's alternative request that plaintiffs be required to provide a more definite statement of their claims is **DENIED,** because, as discussed above, the Court finds that plaintiffs have sufficiently pled their claims.

*   Whirlpool shall have until March 7, 2008, to file an answer to the complaint.

*   Plaintiffs shall have until March 21, 2008, to file a motion for class certification.  Once the Court has ruled on the motion for class certification, a scheduling order will be issued.

    **IT IS SO ORDERED.**

                                    /S/JIMM LARRY HENDREN
                                    JIMM LARRY HENDREN
                                    UNITED STATES DISTRICT JUDGE