## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FORT SMITH DIVISION

PAULA RUSH, DIANE PERRY,
BRIAN TODD, on behalf of themselves
and all others similarly situated,

CASE NO.:  07-2022

       Plaintiffs,

v.

WHIRLPOOL CORPORATION,

       Defendant.

## PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF THEIR
## MOTION FOR CLASS CERTIFICATION

## I.     INTRODUCTION

Defendant Whirlpool Corporation has raised two primary arguments in opposition to Plaintiffs' motion for class certification.  First, Defendant contends that the Classes proposed by Plaintiffs are unascertainable.  This contention, however, is refuted by ████████████ ███████████████████████████████████████████ made by Class members. Second, Defendant contends that class certification is inappropriate citing a host of supposedly critical individualized issues.  Yet, the predominance requirement of Rule 23(b)(3) does not require that no individualized issues exist.  All that Rule 23(b)(3) requires is that common issues "predominate."  Here, that is most certainly the case.  The core common issues here are whether Whirlpool's Refrigerators suffer from a common defect ███████████████, whether Whirlpool knew of that defect, and whether Whirlpool failed to disclose that defect.  Plaintiffs and all members of the Classes will have to address these issues to prove their claims whether via a class action or whether forced to litigate individually.

Finally, it must be remembered that Whirlpool's merits arguments are inappropriate at this juncture.  Whether Plaintiffs can prove their claims at this time is of no moment.  The only requirement at this time is whether Plaintiffs can demonstrate that there exist common proofs that would allow them to prove their claims and the claims of all Class Members.  Plaintiffs have done so.

As the common liability issues predominate, as the Classes are ascertainable and as all of the remaining requirements of Rule 23 have been satisfied, Plaintiffs' Motion for Class Certification should be granted.

## II.    ARGUMENT

### A.  The Court Should Reject Whirlpool's Invitation To Make a Merits Determination at this Juncture.

Defendant's brief raises numerous merits-based arguments, particularly as to causation. However, when determining whether to certify a class action, "the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." *Eisen v. Carlisle & Jacquelin* 417 U.S. 156, 178 (1974). Where, as here, the issue of certification turns largely on whether common issues predominate, the court "must look only as far as to determine whether, given the factual setting of the case, if the plaintiffs general allegations are true, common evidence could suffice to make out a prima facie case of the class." *Blades v. Monsanto Co.*, 400 F.3d 562, 566 (8th Cir. 2005) (*citing Eisen*, 417 U.S. at 177-78).   Thus, the Court need not and should not rule upon the parties' differing theories of causation.  Instead, the proper question is whether Plaintiffs have shown that common proofs exist that support their theories as to the ▮▮▮▮▮▮ defect and causation.  As shown in Plaintiffs' opening memorandum and below, the answer to that question is a decided "yes." *See* Plaintiffs' Memorandum in Support of Class Certification ("Plaintiffs' Mem.") at 5-12.

Accordingly, Plaintiffs motion for class certification should be granted.

### B.  Plaintiffs Have Satisfied the Requirements of Rule 23(a).[1]

#### 1.  The Proposed Classes Are Readily Ascertainable.

Defendant contends that the proposed Classes are not ascertainable because the Court will have to delve into "fact-specific, individualized inquiry" to determine the identities of their Members.  Defendant further argues that the class definitions are overbroad because they include

---

[1] Defendant has not contested Plaintiffs' showing that the numerosity and adequacy requirements have been met.

Refrigerator owners who have not necessarily been affected by the ▮▮▮ defect alleged in this litigation.[2]  Plaintiffs do not concede this point.  However, to ensure that no issue can be raised with respect to ascertainability, Plaintiffs propose that the class definitions be further refined to include only those owners with Refrigerators which have malfunctioned ▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮.[3]

Class certification requires "a class definition that will permit identification of individual class members" so that the best notice practicable may be given to them.  Manual for Complex Litigation (Fourth) §21.222 at 270 (2004).  "An identifiable class exists if all its members can be ascertained by reference to objective criteria."  *Id.*  Here, Plaintiffs' proposed Class definitions – as modified— readily meet this standard because they rely upon objective facts: ▮▮▮▮



*See* Defendant's Memorandum in Opposition to Plaintiffs' Motion for Class Certification ("Def. Mem.") at 24; ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[2] Courts across the country have held that a class definition, which includes individuals with unmanifested defects may be certified.  *See, e.g., Daffin v. Ford*, 458 F.3d 549, 554 (6th Cir. 2006) (class certification appropriate for owners of 1999 and 2006 Mercury Villagers with defective throttle even where defect has not yet manifested); *Payne v. Goodyear Tire & Rubber Co.*, 216 F.R.D. 21 (D. Mass. 2003) (class certification appropriate for owners of inherently defective radiant heating hose which may not have yet manifested defect).

[3] "The court has full power under Rule 23 to resolve the ambiguity by redefining the class or affording the representative plaintiff an opportunity to do so." H. Newberg & A. Conte, Newberg on Class Actions, § 2.3 (4th ed. 2002); *accord* Wright & Miller, §1760, at 127-128 (court has "discretion to limit or redefine the class in an appropriate manner to bring the action within Rule 23").
The Classes are re-defined as follows: **Arkansas Class**: All persons in Arkansas who own a Whirlpool-branded side-by-side Refrigerator manufactured between ▮▮▮ and the present that contains an ▮▮▮▮▮▮▮▮▮▮▮▮; **California Class**: All persons in California who own a Whirlpool-branded side-by-side Refrigerator manufactured between ▮▮▮ and the present ▮▮▮▮▮; **Maryland Class**: All persons in Maryland who own a Whirlpool-branded side-by-side Refrigerator manufactured between ▮▮▮ and the present ▮▮▮▮.

███████████████████████████.[4]  Published notice of this action is also likely to

assist in identifying members of the Classes who either ███████████████████████████

███████████████████████████,[5] ███████████████████████████████████████████

███████████ problems[6]  While reaching members of the Classes using publication notice may

be more time-consuming or difficult than simply reviewing an existing list of individuals, it is

certainly not administratively infeasible.  Indeed, as the Supreme Court of Arkansas has made

clear, when ascertaining a class "administratively feasible does not equate to convenient."

*Chartone, Inc. v. Raglon*, -- S.W. 3d --, 2008 WL 1821866 (Ark. April 28, 2008) (*quoting*

*Lenders Title Co. v. Chandler*, 358 Ark. 66, 75-76 (Ark. 2004)) (Ex. 1, hereto).

Defendant's argument that Plaintiffs' Classes are overbroad is resolved by the

reformulated class definitions.  As the Classes now include only those who, like Plaintiffs, have

experienced ███████████████████, Defendant can no longer contend that the definitions

might include "owners who had problems entirely unrelated to the subject matter of this

lawsuit."  By definition, the Classes will not include these persons.

### 2.  The Questions of Defect and Liability Satisfy Commonality.

Although purporting to challenge Plaintiffs' showing of commonality, Defendant has not

done so.  Rather, Defendant has conflated the commonality and predominance requirements into



[6] Defendant states that sending notice to all owners of the subject Refrigerators would be improper because doing so
would harm its reputation.  Yet Defendant had failed to provide any factual or legal support for this assertion.

a single requirement.  However, if commonality is looked at separately – as it must be – it is clear that it has been satisfied.  The core questions as to whether the Refrigerators are defective, and whether Defendant knew of the defect and failed to disclose its existence to consumers are common issues, the existence of which are sufficient to satisfy the low threshold of commonality.[7]

### 3.  The Claims of Plaintiffs Are Typical of Those Belonging to Members of the Classes.

The named Plaintiffs' claims are typical of those belonging to members of the Classes because all own a similar Whirlpool-branded Refrigerator with the same [REDACTED]

[REDACTED]

.  Because of such similar circumstances, the members of the Classes and their respective Representatives have identical legal claims.  As explained at length in Plaintiffs' opening memorandum, though some individual variations are inevitable, they are not sufficient grounds to deny class certification.[8]

### C.  Plaintiffs Have Satisfied the Requirements of Rule 23(b).

---

[7] *See* Plaintiffs' Mem. at 19 (list of common questions); *Lockwood Motors, Inc. v. General Motors Corp.*, 162 F.R.D. 569 (D. Minn. 1995) (noting that "the test or standard for meeting the Rule 23(a)(2) prerequisite is qualitative rather than quantitative—that is, there need only be a single common issue to all members of the class…this requirement is easily met in most cases) (internal citations omitted).

[8] Plaintiffs' Mem. at 19-21; *see also Bird Hotel Corp. v. Super 8 Motels, Inc.*, 246 F.R.D. 603 (D.S.D. 2007) (existence of unique circumstances among plaintiff and class members "do not detract from the similarity between Plaintiff's legal and remedial theories and the theories of the purported class members").

6

As noted above, satisfying the predominance requirement does not require negating the existence of any and all individualized issues. Rather, the proper inquiry is whether common issues predominate, or, stated another way, whether there are so many individual issues that must be resolved that they overwhelm the common questions that bind the litigation. Here, although Defendant recites the existence of numerous supposed individual issues, these issues are, in large measure, superficial or otherwise inconsequential – red herrings posited by Defendant to distract the Court's attention for the true issues at stake here.

In fact, this case represents the paradigmatic class action – litigation on behalf of a group of similarly situated persons who are similarly aggrieved by a common course of conduct and common defect. The overarching core questions inherent in this litigation, include whether the Refrigerators are in fact defective, and whether Whirlpool knew of and failed to disclose the existence of any such defect to its customers. These and other related questions form the nucleus of claims held by each of the Plaintiffs and members of the Classes, and therefore predominate. Any individual differences that may ultimately surface are not qualitatively sufficient to preclude certification. *See, e.g., Powers v. Lycoming Engines*, 245 F.R.D. 226, 238 (E.D. Pa. 2007) (such questions as to the existence of a product's defect and what and when defendant knew about the defect will resolve a significant portion of the case for all class members and therefore predominate over individual issues).[9]

---

[9] Defendant's citations to *In re St. Jude Med., Inc.,* 522 F.3d 836, 838 (8th Cir. 2008) and *In re Prempro Prods. Liab. Litig.*, 230 F.R.D. 555, 567 (E.D. Ark. 2005) are misplaced as these cases are easily distinguishable from the present. As Defendant itself notes, *St. Jude*, a medical monitoring case, involved consumer fraud allegations based on a theory of misrepresentation, not omission, which required proof of reliance. *Prempro, Becnel v. KPMG*, 229 F.R.D. 592 (W.D. Ark. 2005) and *Gunnells v. Healthplan Servs.*, 348 F.3d 417, 435 (4th Cir. 2003) are similarly distinguishable as they also implicated affirmative fraud and misrepresentation claims that required proof of reliance. No similar showing of reliance is required here. *See* Plaintiffs' Opposition to Defendant's Motion to Dismiss ("Plaintiffs' Opp.") at. 22; 28-33. In addition, unlike in *Prempro* this case does not involve the complex human health causation issues inherent in a toxic exposure case.

### 1.  Common Issues of Fact Predominate

Defendant's argument that Plaintiffs cannot show the existence of a common defect with common proof is without support.[10]

For instance,

[11]

[12] *Id.*

---

[10] Notably, Defendant has failed to distinguish, or even acknowledge, the comparable defective product class actions noted in Plaintiffs' opening memorandum in which courts across the country have found that common questions concerning a defective product and defendant's liability predominate over individualized issues. *See* Plaintiffs' Mem. at 24; *see also O'Keefe v. Mercedes-Benz United States, LLC*, 214 F.R.D. 266, 291 (E.D. Pa. 2003) (core liability issue as to product defect predominates over any class member's individual differences).

[11]

[12]

*See Kanefsky v. Trex Co., Inc.* Docket No. ESX-L-7347-00, slip op. 8, (N.J. Super. Ct. May 28, 2004) (Ex. 2, hereto) (class certification appropriate for inherently defective decking where 1-2% of products manifested the defect).

 And,

regardless of whether Plaintiffs' theory of causation is correct – a merits determination that need not be made now -- it is clear that Plaintiffs have presented common proof sufficient to support their theories.

### 2. Common Issues of Law Predominate

Although Defendant has presented numerous claims-specific questions, some of which may ultimately require individual inquiries, none are sufficient to overwhelm the predominant liability questions in this lawsuit.

As to each cause of action, Defendant argues that individual considerations of damages, affirmative defenses, and causation will dominate. Not so. As Plaintiffs explained in their opening memorandum, individual questions concerning damages and affirmative defenses do not preclude class certification where, as here, the question of the defendant's liability is common to all members.[13] Determination of damages, in particular, will not require extensive individualized inquiry here as Plaintiffs and Members of the Classes have suffered the same type of economic damage by virtue of purchasing a Refrigerator ███████████████████. The same is true of individual causation issues.[14]

---

[13] Plaintiffs' Mem. at 25; *see also Nat'l Cash, Inc. v. Loveless*, 361 Ark. 112, 118 (Ark. 2005) ("The mere fact that individual issues and defenses may be raised by the [Defendant] regarding the recovery of individual members cannot defeat class certification where there are common questions concerning the defendant's alleged wrongdoing which must be resolved for all class members…An attempt to raise defenses at this stage is an attempt to delve into the merits of the case. This we will not do.") (internal citations omitted). Nonetheless, Plaintiffs note that Defendant's statute of limitations defenses are of no consequence here as Plaintiffs have properly alleged that any applicable statutes of limitations have been tolled by Defendant's failure to disclose information concerning the design defect. *See* Plaintiffs' Second Amended Class Action Complaint, Document 28, filed June 14, 2007, at ¶¶29-30. Also, "Courts have been nearly unanimous in holding that possible differences in the application of a statute of limitations to individual class members, including the named plaintiff[s], does not preclude certification of a class action so long as the necessary commonality and . . . predominance are otherwise present." *Steinberg v. Nationwide Mut. Ins. Co.*, 224 F.R.D. 67, 78 (E.D.N.Y. 2004) (internal marks and citation omitted); *see also Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 924 (3d Cir. 1992) ("presence of individual issues of compliance with the statute of limitation has not prevented certification").

[14] *See, e.g., Daffin v. Ford Motor Co*, 2004 U.S. Dist. Lexis 18977, at *21-22 (S.D. Ohio July 15, 2004) (Ex. 3, hereto) (individual causation questions do not predominate where all class members have same defective piece of equipment and therefore suffer the same economic loss); *Zeno v. Ford Motor Co.*, 238 F.R.D. 173, 196 (W.D. Pa. 2006) (individualized inquiry required for causation "does not impugn the court's ability to certify class for purposes of deciding the common issues" that underlie plaintiffs and the class' claims); *Collins v. Olin Corp.*, 248 F.R.D. 95, 104 (D. Conn. 2008) (noting that "[i]ndividual issues of causation do not preclude class certification" and certifying the class finding that defendant's "entire course of conduct and knowledge of its potential hazards is a common issue to the class, which courts have found to be sufficient even in cases where there are multiple possible sources of contamination"); *SEECO, Inc. v. Hales*, 330 Ark. 402, 413 (Ark. 1997) (noting that "challenges based on the statutes of limitations…causation…have usually been rejected and will not bar predominance satisfaction because those issues go to the right of a class member to recover, in contrast to underlying common issues of the defendant's liability.") (*quoting* 1 Herbert B. Newberg & Alba Conte, Newberg on Class Actions §4.26 (3d ed. 1992)).

Specific to the Maryland implied warranty of merchantability claims, Defendant presents a host of questions, which it argues are sufficient to preclude certification. Defendant's questions, however, do not predominate. For instance, contrary to Defendant's position, determining whether Class members' Refrigerators are not "fit for their ordinary purpose" will not require individualized proof. ███████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

███████████████████████████████. Moreover, even if proof of notice may be required by each member of the Classes, resolution of this issue is not difficult and will not overwhelm the common issues linking Plaintiffs and all of the members of the Classes.[15]

Defendant also has failed to show that the consumer protection claims asserted by Plaintiffs and the Classes are unsuitable for class certification.[16] Determining whether Whirlpool had a duty to disclose information about the ██████████████ can be established with class-wide proof: ████████████████, and Defendant was aware of the defect, and the reasonable consumer would have changed his or her behavior on the basis of that disclosure, Defendant had a duty to disclose the existence of the defect to its consumers. The existence of a duty owed by Defendant will not vary among individual consumers.[17] Similarly, determining whether Defendant's failure to disclose information concerning the ██████████████ was "material" does not require individualized proof. This is so because materiality is judged by the

---

[15] Individual questions of notice will not be problematic particularly because the evidence demonstrating Defendant's knowledge of the defect is so strong. *See, e.g.*, Plaintiffs' Mem. at 6-11.

[16] As explained in footnote 9 above, Defendant's references to *In re St. Jude*, 522 F.3d at 838, and *Gunnells*, 348 F.3d at 435, are unpersuasive as the consumer protection claims in those decision required proof of individual reliance—an element that is not required as part of the claims asserted herein by Plaintiffs. *See* Plaintiffs' Opp. at 22; 28; 31-32.

[17] *See* Plaintiffs' Opp. at 21-24; 34, fn.19.

effect on the "reasonable consumer."[18] The common issues presented by Plaintiffs clearly predominate over the individual issues surrounding the consumer protection claims.[19]

Finally, Defendant's cursory and unsupported critique of the Arkansas negligence claims fails to rebut Plaintiffs' showing that common questions of liability predominate over individual issues associated with these claims. The elements of negligence (duty, breach, causation, and damage) can be established with common proof of Defendant's misconduct.[20]

### 3. The Class Action Device Is the Superior Means for Adjudicating Plaintiffs' And Class Members' Claims.

The superiority of utilizing the class action device to resolve this controversy is obvious. As Plaintiffs explained in their opening brief, a class action approach is ideal where, as here, the costs of litigating individual claims would far outstrip potential recovery. *Payne v. Goodyear Tire & Rubber Co.*, 216 F.R.D. 21, 28-29 (D. Mass. 2003) (noting that "the core purpose of Rule 23(b)(3) is to vindicate the claims of consumers and other groups of people whose individual claims would be too small to warrant litigation"). Indeed, Defendant's suggestion that aggrieved Refrigerator owners seek redress through small-claims courts does not defeat the superiority of this class action as such an approach fails to negate the great expense necessary to establish the existence of the ▮▮▮▮ defect. "Mere feasibility of individual claims does not demonstrate that the method is preferable. Nor does the suggestion beget economies of time, effort and expense,

---

[18] *Chamberlan v. Ford Motor Co.*, 369 F. Supp. 2d 1138, 1144-45 (N.D. Cal. 2005) (causation under CLRA and UCL is framed in terms of materiality, not reliance and materiality is "judged by reasonable consumer standard"); *Green v. H&R Block, Inc.*, 355 Md. 488, 524 (Md. 1999) ("An omission is 'material' if a significant number of unsophisticated consumers would find the information omitted important in determining a course of action).
[19] Plaintiffs' consumer protection claims are premised strictly on an omissions theory. As such, Defendant's arguments concerning affirmative misrepresentation (Def. Mem. at 37-39) are irrelevant. Moreover, Defendant's challenge to the existence of the fraud by omission cause of action under California's consumer protection laws is unwarranted as the ruling in *Falk v. General Motors Corp.*, 496 F. Supp. 2d 1088 (N.D. Cal. 2007) has not been overruled or vacated. In any event, this argument concerns the merits of the claims that have survived Defendant's Motion to Dismiss, and are thus not proper for consideration at this time.
[20] *Lenders Title*, 358 Ark. at 80 (affirming certification of class alleging negligence).

and promote uniformity of result." *Hanson v. Acceleration Life Ins. Co.*, 1999 WL 33283345, at
*13 (D.N.D. March 16, 1999) (Ex.4, hereto).

Further, because individual issues do not predominate over common questions and class-
wide methods of proof are appropriate, this action does not present manageability concerns
sufficient to preclude class certification. *Mooney v. Allianz Life Ins. Co.,* 244 F.R.D. 531, 537-38
(D. Minn. 2007).[21]

Accordingly, class certification is appropriate here pursuant to Rule 23(b)(3) as the
proposed class action involves predominant common issues and is the superior manner by which
to adjudicate this controversy.[22]

### III.   CONCLUSION

For the forgoing reasons, Plaintiffs respectfully request that the Court certify the
proposed Classes.

---

[21]The court found that common issues did not predominate in *Bradford v. Union Pacific R.R. Co.*, 2007 WL
2893650 (W.D. Ark. Sept. 28, 2007) (Ex. 5, hereto) because the individual issues inherent in personal injury and
property damage would overwhelm the litigation. These or similar issues are not implicated here, as the economic
damage and causation elements of the claims can largely be established on a class-wide basis. *See also Prempro
Prods*, 230 F.R.D. 567 (finding lack of predominance where individual proof of reliance is required).
[22] If, however, this Court finds that the requisites of Rule 23(b)(3) are not met here, Plaintiffs seek certification in
the alternative pursuant to Rule 23(c)(4). *See Nelson v. Wal-Mart Stores, Inc.*, 245 F.R.D. 358, 380 (E.D. Ark.
2007) ("A district court may utilize Rule 23(c)(4)(A) on its  own initiative" and certify particular issues so as to take
advantage of the "economies of adjudicating issues that are common to the entire class . . . even though other issues
in the case may have to be litigated separately by each class member.  The relevant inquiry under Rule 23(c)(4)(A)
is whether resolution of the particular common issues would materially advance the disposition of the litigation as a
whole.") (internal citations omitted).

Dated: May 22, 2008                          Respectfully submitted,


                                             /s/ Gary E. Mason
                                             Gary E. Mason
                                             Khushi K. Desai
                                             The Mason Law Firm, L.L.P.
                                             1225 19th Street, NW, Suite 500
                                             Washington, D.C.  20036
                                             Telephone: (202) 429-2290
                                             Facsimile:  (202) 429-2294
                                             Email:  gmason@masonlawdc.com


                                             Bruce Mulkey
                                             The Mulkey Attorneys Group, P.A.
                                             1039 W. Walnut, Suite 3
                                             Rogers, AR  72756
                                             Telephone: (479) 631-0481
                                             Facsimile:  (479) 631-5994
                                             Email:  bruce@mulkeylaw.com


                                             Alexander E. Barnett
                                             144 W. 72nd Street
                                             #3D
                                             New York, NY 10023
                                             Telephone: (212) 362-6174
                                             Facsimile: (917) 591-5227
                                             Email: abarnett20@hotmail.com


                                             Scott Wm. Weinstein
                                             Morgan & Morgan, P.A.
                                             12800 University Drive
                                             Suite 600
                                             Ft. Myers, FL 33907-5337
                                             Telephone: (239) 433-6880
                                             Facsimile: (239) 433-6836
                                             Email: sweinstein@forthepeople.com


                                             *Counsel for Plaintiffs*

CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2008, a true and correct copy of the above and foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to the following:

Malcolm F. Wheeler
wheeler@wtklaw.com
Michael T. Williams
Williams@wtklaw.com
Galen D. Bellamy
bellamy@wtklaw.com
Jessica G. Simbalenko
Simbalenko@wtklaw.com
Wheeler, Trigg & Kennedy, LLP
1801 California Street
Suite 3600
Denver, CO 80202


Robert L. Jones, III
bjones@cwlaw.com
Conners & Winters
211 East Dickson Street
Fayetteville, AR 72701


/s/ Gary E. Mason

Gary E. Mason